## W. E. KREIDER
### v.
## GEORGE A. McFERSON.

*Opinion filed April 18, 1901.*

|189    605|
|192  ¹  60|

1. ELECTIONS—*whether ballots were properly preserved depends on the facts of each case.* The statute being silent as to the place and particular manner in which election ballots shall be kept after they have been properly returned to the designated officer, the question whether they have been properly preserved is necessarily one of fact, to be determined from all the circumstances in each case.

2. SAME—*when ballots are properly admitted in evidence.* Ballots are properly admitted in evidence on contest where they were properly returned to the village clerk, who put the envelope containing them in a wooden ballot-box, which he locked up (retaining the custody of the key) and placed in the back room of his printing office, which he considered a safe place; and if there is an entire absence of testimony that the ballots, box or lock was tampered with, the fact that the lock is a common one and that other persons had access to the room does not render the ballots inadmissible.

APPEAL from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

DUNCAN & DOYLE, for appellant.

McDOUGALL & CHAPMAN, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

At the annual spring election for the village of Tonica, LaSalle county, these parties were rival candidates for the office of president of the board of trustees. The judges of the election, upon counting the ballots, declared the appellant elected by a majority of two votes, and he entered upon the discharge of the duties of the office. Appellee in due time served notice of his intention to contest the election, and filed this petition in pursuance of that notice. On the hearing the court permitted the original ballots to be brought in and counted, the result of which was to show that the contestant was elected

by a majority of one vote, and the decree of the court was to that effect. The defendant below, appellant here, prosecutes this appeal to reverse that decree.

We have uniformly held that upon the trial of contested election cases the ballots cast at the election are competent evidence if they have been carefully preserved within the meaning of the statute, and that they are, in such case, better evidence of the result than the count of the judges of the election. It is unnecessary to cite the cases in support of this proposition. This is not denied by counsel for the appellant, but their contention is that the trial court erred in allowing the ballots to be recounted, for the reason that the evidence failed to show that they had been so safely kept. The statute being silent as to the place or particular manner in which election ballots shall be kept after they have been properly returned to the required officer, the question whether they have been so preserved is necessarily, in every case, one of fact, to be determined from all the circumstances proved. There is nothing in the evidence in this record showing that the ballots were not returned by the judges of the election to the village clerk in substantial conformity to the requirements of the statute. The only evidence introduced upon the hearing as to the place and manner in which he preserved them was his own testimony. He testified, in substance, that upon receiving the envelope containing them he put it in a wooden ballot-box, which he locked up, retaining the custody of the key from that time until he brought the ballots into court; that after locking the box he placed it in the rear end of his printing office, which he says was a safe place and where he had always kept the ballots, having been village clerk for seven years. He also testified that upon being ordered to bring the ballots, with the tally-sheets, into court upon the hearing below, he unlocked the box, put the tally-sheets in it and then took the box to court. He says at the time he opened it "apparently the matter

was just as it was,—just as the judges gave them to me."
He also says in another part of his testimony: "I think
the ballots are in the same condition they were when
they were returned to me; they are the ballots cast at
last April election." His testimony throughout is to the
effect that the ballot-box remained in the place where he
put it, undisturbed, and that the ballots, when produced
in court, were in the same condition as when he received
them. It does appear upon his cross-examination that
his son, and an employee in the printing office, had ac-
cess to the room where the box was kept, and that other
persons were more or less at liberty to pass in and out
of the room; also, that the box was not otherwise sealed
or fastened than by the lock and key which he used, and
that there was nothing uncommon in the construction of
the lock or key; but there is an entire absence of proof
tending to show that either the box or the lock was in
any way disturbed by any one.

After a careful consideration of the testimony of this
witness we think the conclusion must be that the ballots
were kept by him with reasonable care and safety. If
there was even slight evidence in this record tending to
prove that they had been mutilated or changed a very
different case would be presented. The chancellor was
fully justified in reaching the conclusion that they had
been carefully preserved; that they were, when produced
in court by the village clerk, the identical ballots in the
same condition as when cast at the polls, and he there-
fore properly admitted them in evidence and caused them
to be re-counted.

The decree will accordingly be affirmed.

*Decree affirmed.*